# The Cincinnati Cooperage Company *v.* Gaul, Assignee, Appellant.

*Sale—Contract—Rescission—Fraud—Insolvency.*

Insolvency of the purchaser of goods and his knowledge of it, coupled with a representation of solvency which induced the seller to part with the possession of his property, will enable the latter to rescind the sale and recover possession of the goods.

The jury may reasonably infer that the purchaser was insolvent at the time of the sale, and that he knew, or ought to have known that he was, if within two months from that time he makes an assignment for the benefit of creditors, and the inventory filed by the assignee shows assets amounting to about $4,000, and liabilities amounting to about $50,000, and there is nothing to show any losses, or change in his financial condition between the sale and the assignment.  In such case, if the evidence shows that he induced the sale by stating that his financial condition was better than it had ever been, it is sufficient to rescind the sale.

Argued March 7, 1895.  Appeal, No. 189, Jan. T., 1895, by defendant, from judgment of C. P. Berks Co., June T., 1893, No. 45, on verdict for plaintiff.  Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.  Affirmed.

Replevin to recover possession of a lot of beer kegs.  Before ENDLICH, J.

At the trial it appeared that in December, 1892, plaintiff, through its agent, sold to Eyring a quantity of kegs upon a credit of four months.  The parties had been dealing with each other before, but the size of the order upon this occasion greatly

exceeded any former one. Calling Eyring's attention to that circumstance, the agent asked him how he stood financially. Eyring replied, " I am in better condition than ever I was." On March 7, 1893, Eyring made an assignment for benefit of creditors, his affairs being in a state of hopeless insolvency.

The inventory filed by the assignee showed assets amounting to about $4,000, and liabilities amounting to about $52,000.

There was no evidence of any special losses between the date of the sale and the date of the assignment.

The court charged in part as follows:

" [I take it to be the experience of mankind in general and a rule of common sense that a man is ordinarily presumed to know at any time, when dealing with another, whether at that time he is in a solvent condition or not. It may be presumed that a business man has such an interest in his own affairs, and keeps such a control over his own expenditures and incomings, that he may at any time have a definite idea as to whether he is solvent or not. I think that will be taken to be so general an experience among mankind, that it is no more than right that the law should presume that a man at any time knows when he is solvent, whether he is telling the truth or not. It is, moreover, a presumption of the law that whenever a man does something or says something he intends the natural consequences of his act. Now, gentlemen, these are presumptions which may justify a jury, where they find a man made certain representations as to his solvency, to find that, at the time, he knew either that they were true or that they were untrue, and, if they were untrue, that he meant them to have a certain effect upon the seller of the goods to him.] " [1]

Defendant's point was as follows:

" Under all the evidence in the case, the verdict must be for the defendant. *Answer:* Declined." [2]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*C. H. Ruhl,* of *Ermentrout & Ruhl, Fitz Daniel Ermentrout* with him, for appellant.—If we further assume that Eyring was insolvent when he purchased the kegs, there is no proof that he knew it, and in the face of his uncontradicted testimony

that he did not know what his indebtedness was until the latter part of February, there can be no presumption that he knew he was insolvent two months prior thereto: Smith v. Smith, 21 Pa. 367; Rodman v. Thalheimer, 75 Pa. 232; Biddle v. Black, 99 Pa. 380; Wessels v. Weiss Bros., 156 Pa. 591; Perlman & Co. v. Sartorius & Co., 162 Pa. 320.

*S. M. Meredith, A. K. Stauffer* with him, for appellee.—The evidence was sufficient to submit to the jury: Hubbert v. Borden, 6 Wharton, 79; MacKinley v. McGregor, 3 Wh. 369; Backentoss v. Speicher, 31 Pa. 324; Harner v. Fisher, 58 Pa. 453; Rodman v. Thalheimer, 75 Pa. 232; Wessels v. Weis, 156 Pa. 591.

OPINION BY MR. JUSTICE McCOLLUM, October 7, 1895:

This is a very close case, and the important question in it is whether the evidence was sufficient to authorize the verdict on which the judgment appealed from was entered. It is an action of replevin for a lot of beer kegs, and is in rescission of the contract under which the kegs were sold and delivered by the plaintiff to the defendant's assignor. It was brought on the theory that the sale was effected through the fraud of the purchaser. The elements of the alleged fraud are the insolvency of the purchaser, and his knowledge and concealment of it at the time of the sale, together with his misrepresentation respecting his financial standing at that time.

It is well settled in Pennsylvania that the insolvency of the purchaser and his knowledge of it when he made the purchase are not alone sufficient to invalidate the sale or to support an action by the seller in rescission of it. But they "are evidence to go to the jury with other facts to show the intended fraud:" Rodman v. Thalheimer, 75 Pa. 232. It is essential to the impeachment of the sale as fraudulent that there should be artifice, trick or false pretense intended and fitted to deceive the vendor and operative in obtaining from him possession of his property: Smith v. Smith, Murphy & Co., 21 Pa. 367; Backentoss v. Speicher et ux., 31 Pa. 324, and Wessels v. Weiss Bros., 156 Pa. 591. But the insolvency of the purchaser and his knowledge of it, coupled with a representation of solvency which induced the seller to part with the possession of his prop-

erty, will have that effect and enable the latter to recover possession of it by a suit in rescission of the sale. The verdict in this case embraces a finding of the elements we have mentioned as sufficient, taken together, to furnish ground for rescission. It is a finding made under instructions in relation to the law of the case and to the evidence in it, of which the appellant has no cause to complain, if the evidence was sufficient to authorize it. The law was correctly stated for the guidance of the jury in their deliberations, and the evidence was fairly presented for their consideration in the charge. Was the evidence sufficient to authorize the verdict? We think it was. It fairly admitted of an interpretation in accord with the plaintiff's contention, and justified the conclusion that the transaction relied on by the defendant as having invested his assignor with title to the property was vitiated by the fraud of the latter. The purchaser's assignment for the benefit of his creditors, the inventory of his assets and the disparity between them and his liabilities, the absence of any claim of losses or change in financial condition between the sale and the assignment, were matters from which the jury might reasonably infer that he was insolvent, and knew or ought to have known that he was so when he made the purchase. His representation respecting his financial standing when questioned by the plaintiff's agent in regard to it might well be considered as an assurance of his solvency and influential in effecting the sale. He did not deny that he made the representation as testified to by the agent or explain or qualify it. It was not a satisfactory answer to the evidence referred to for the purchaser to say that when he bought the kegs he did not know what the amount of his indebtedness was. His credibility in connection with the undisputed testimony was for the jury, and upon them devolved the duty of determining whether the sale was accomplished by his fraud. We are therefore constrained to overrule the specifications of error.

Judgment affirmed.