## W. S. Shirk, Appellant, *v.* Charles Konigmacher.

*Sale—Rescission—Fraud.*

Knowledge of insolvency by a vendee at the time of a purchase and the concealment of this knowledge by mere silence without actual misrepresentation is not such a fraud as will avoid the sale.

A purchaser of chattels confessed judgment a week after the purchase and the chattels were seized in execution; in an interpleader between the vendor and execution creditor—*Held*, that the latter was entitled to binding instructions, there being no other evidence of fraud.

Argued Nov. 11, 1896. Appeal, No. 23, Nov. T., 1896, by plaintiff, from judgment of C. P. Lancaster Co., Jan. T., 1890, No. 38, on verdict for defendant. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Interpleader between the vendor of certain hogs of the value

46        SHIRK, Appellant, *v.* KONIGMACHER. ,

Statement of Facts—Opinion of the Court. [3 Pa. Superior Ct.

of $126, and the execution creditor of vendee, in which the court below gave binding instructions for execution creditor defendant.

*Error assigned* was, directing the jury to enter a verdict for defendant.

*T. B. Holahan*, of *Martin, Holahan & Alexander*, with him *T. J. Davis*, for appellant.—A purchase with a present intent not to pay is a rank fraud in morals and should be so pronounced in law.

Insolvency and the knowledge of it at the time of the sale are evidence to go to the jury with other facts to show the fraud, though they are not sufficient in themselves: Bughman v. Central Bank, 159 Pa. 94.   See also Harner v. Fisher, 58 Pa. 453; Cincinnati Cooperage Co. v. Gaul, 170 Pa. 545.

*W. R. Wilson*, with him *John H. Fry*, for appellee.—Even admitting the allegation of the other side, of which there is no evidence, that he concealed or withheld the fact of his alleged insolvency from his vendor, the latter cannot as such recover. Such has been the law in this state for years: Smith v. Smith, 21 Pa. 367; Cincinnati Cooperage Co. v. Gaul, 170 Pa. 545; Rodman v. Thalheimer, 75 Pa. 232.

PER CURIAM, December 7, 1896:

On November 27, 1889, the plaintiff sold and delivered to Henry Musser eleven fat hogs.   On the following Thursday (December 3, 1889), Musser confessed a judgment to Charles Konigmacher, upon which the latter forthwith issued an execution and levied on the hogs and other property of Musser.   The plaintiff claimed them, and upon the sheriff's petition for an interpleader an issue was awarded to try the title.   The question is whether the plaintiff had a right to rescind the sale, and retake possession of the hogs after they had been levied on as the property of Musser.   This question will be sufficiently answered when we say that there is not the slightest evidence that Musser resorted to any artifice, trick or deception to obtain possession of the hogs, or that he did not intend to pay for them as he promised to do, or that he made any representations as to

his solvency. Even if he was insolvent at the time of the sale and knew it—of which facts there is no evidence except the confession of the judgment to Konigmacher nearly a week later —the concealment of this knowledge by mere silence without any active misrepresentation was not such a fraud as would avoid the sale: Bughman v. Central Bank, 159 Pa. 94; Cincinnati Cooperage Co. v. Gaul, 170 Pa. 545. The fact that after the execution was issued Musser instead of paying for those he had bought the week before, sent an order to the plaintiff for more hogs neither proves nor tends to prove that a fraud was practiced or intended in the first purchase. There being no other evidence of fraud the court properly gave binding instructions to find for the defendant.

Judgment affirmed.