## Mickle C. Paul, trading as Paul Brothers, Appellant, *v.* Henry Eurich, in trust for John B. Newhauser.

*Contract—Fraud—Knowledge of insolvency.*

Under the rule of Rodman v. Thalheimer the knowledge of insolvency does not avail to avoid a contract in the absence of either artifice, trick or false pretense used by a vendee in obtaining possession of goods purchased.

*Contract—False representations—Question for jury.*

No false pretense can be set up to avoid a sale where the vendor sold with knowledge of vendee's indebtedness for money borrowed, communicated by vendee and covering a practically truthful statement of his finan-

cial situation.    Under such conditions there is no question to leave to the jury.

*Judgment—Satisfaction by mistake.*

Where the owner of a senior judgment satisfied it by mistake and the court subsequently struck off the satisfaction from the record, the judgment will not lose its priority of lien of junior judgments or other rights which have in no manner been prejudiced either by the entry of satisfaction or by the action of the court in striking it off.

Argued Nov. 10, 1896.    Appeal, No. 55, Nov. T., 1895, by plaintiff, from judgment of C. P. Lancaster Co., Aug. T., 1894, No. 27, on verdict for defendant.    Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ.    Affirmed.

Sheriff's interpleader to try the right to certain property. Before LIVINGSTON, P. J.

It appeared from the evidence that the plaintiff was a wholesale shoe dealer in Philadelphia.    He, through his salesman, sold certain goods to John S. Newhauser who was operating a shoe store in Lancaster, Pa., having been previously engaged in business at Lebanon.

The amount due for goods sold was $960.65, exclusive of interest.    Of that amount $780.85 was for an order for shoes given on February 2, 1894; the balance in smaller amounts at different times, the last time on April 13, 1894.

It was alleged by the plaintiff that the vendee at the time the first order was taken in February represented to plaintiff's salesman that he was in good financial condition.

On May 24, 1894, defendant confessed judgment to Henry Eurich, as trustee, in favor of his father, John B. Newhauser, for $6,240, with interest from April 1, 1894, and one in favor of his wife, Emma Newhauser, for $555.00 with interest from same date.    Executions were issued on those judgments the same day, and the shoe store was closed by the sheriff.    The stock was all new and nearly all bought from shoe dealers residing in other cities and practically nothing paid for, and most of the goods were in the original packages or cases, when levied upon, and most of the vendors knew nothing of the sale until after it was held.

The judgment to the use of John B. Newhauser was satis-

fied and released by him on the record as of June 12, 1895, several months before this case was tried. On November 2, 1895, the court made an order to strike off from the record the entry of satisfaction. The proceeds of the sheriff's sale, which was of shoes bought by John S. Newhauser and not paid for, were $2,160.50. The appellee, an execution creditor, bought nearly all the goods. The character of the representations made by the vendee to the plaintiff's salesman are sufficiently indicated in the opinion of the Superior Court. The court directed verdict for the defendant. Plaintiff appealed.

*Errors assigned* were, (1–8) to the charge of the court, directing verdict for defendant and refusing plaintiff's points; (9) in the answer to the third point, which point was as follows: "The judgment upon which the execution. and proceedings are based (entered to April term, 1894, No. 332), having been satisfied and properly released on June 12, 1895, as per appearance docket, the lien and levy upon the goods in suit were destroyed, and the defendant has no standing in this suit." The answer to which was: "The third point raises a question which does not really come into this case. It might be raised in payment out of the money or the distribution of it, but it cannot arise here;" (10, 11) judge's charge and answer to points; (12) in refusing to admit evidence as to the wife's judgment.

*B. F. Davis*, for appellant.

*Chas. I. Landis*, with him *A. H. Fritchey*, for appellee.— "The intention of the buyer of goods at the time of purchasing goods not to pay, together with his insolvency at the time, and his knowledge of it not communicated to the seller, will not avoid the sale after the delivering of the property sold. To avoid the sale there must be artifice intended and fitted to deceive practised upon the vendor in procuring the property: Smith v. Smith, Murphy & Co., 21 Pa. 367; Backenboss v. Speicher, 31 Pa. 324; Rodman v. Thalheimer, 75 Pa. 232; Cincinnati Cooperage Co. v. Gaul, 170 Pa. 545; Wessels v. Weiss Bros., 156 Pa. 592; Bughman v. Central Bank, 159 Pa. 94; Labe & Son v. Bremer's Sons, 167 Pa. 15. As to the satisfaction of the father's judgment, cited McCune v. McCune, 164 Pa. 611.

OPINION BY BEAVER, J., January 18,.1897 :

Tried by the rule clearly and concisely laid down in Rodman v. Thalheimer, 75 Pa. 232, there was nothing in this case to be submitted to the jury. Admitting that Newhauser, the vendee of the plaintiff, was insolvent and that he knew it, there was neither artifice, trick nor false pretense used by him as the means of obtaining possession of the goods purchased from the plaintiff. All that he knew he communicated to the plaintiff's salesman. His financial condition was fully and frankly laid bare. The salesman testifies : " I asked him about his financial standing, and he told me that he did not buy anything outside of us, Long & Davidson, Hathaway, Soule & Harrington and Carlisle Shoe Co. He said outside of that that he did not owe hardly anything. He told me his father helped him and his father advanced him money—advanced him all the money he had in business in Lebanon ; and, if he came to Lancaster in business, he would help him. There would be no trouble whatever. He said he did not owe anything practically outside of his father, and then these bills he bought to open his store here. He never told me he had any money from his wife." This conversation occurred in Lebanon before the removal of the store to Lancaster. It was a frank admission that he was then in debt to sundry parties beside the plaintiff ; that all the money in his business had been advanced by his father and his hope for the future, if he went to Lancaster, was in his father, and that the goods necessary to open the new store were to be bought upon credit. What more could he say ? If the plaintiffs, upon these representations, sold the goods, they did so at their own risk. The representations were made on the 2d of February, 1894. The figures representing the indebtedness were given to the same salesman 24th of May, 1894. How many of the debts enumerated in the schedule were contracted after the 2d of February does not in any way appear. Viewed from any standpoint, we think the trial judge in the court below was justified in saying to the jury in this case, " I do not see anything to leave to a jury." This sufficiently disposes of the first, second, third, fourth, fifth, sixth, seventh, eighth and eleventh assignments of error.

John B. Newhauser, the father of the vendee of the plaintiff, for whose use a judgment had been confessed on the 24th of

May, 1894, to Henry Eurich, conditioned for the payment of the sum of $6,240.00 by the son, John S. Newhauser, after the levy upon and sale of the goods of the defendant in the judgment and after the issue in this case had been made up, on the 12th of June, 1895, marked the judgment satisfied and released. Upon his application in November following, the court struck from the record of the said judgment the entry of satisfaction erroneously made thereon. The plaintiff in the trial of the case below offered in evidence the judgment and execution in the case of Henry Eurich, for the use of John B. Newhauser v. J. S. Newhauser, real debt $6,240.00, with interest from April 1, 1894. The object evidently was to show the insolvency of John S. Newhauser. Having used it for that purpose, after his testimony closed, he called the attention of the court to the "entry of satisfaction on docket entry of Judgment No. 332, April Term, 1894, which has been offered in evidence, dated June 12, 1895," to which the court replied: "An order has been made to strike off the entry which has not yet been entered." The action of the court in striking off the entry of satisfaction of the above judgment is complained of and constitutes the ninth and tenth assignments of error. Without stopping to inquire whether the plaintiff could offer this judgment in evidence for one purpose and, after it has served that purpose, allege its satisfaction for a purpose altogether different, or whether the proceedings under which the entry of satisfaction were stricken off could be attacked collaterally in the present proceeding, it is perhaps sufficient for present purposes to say that the plaintiff was in no way injured by the action of the court in striking off the entry of satisfaction. There is no allegation that the judgment was paid beyond the amount realized upon the sale of the personal property of J. S. Newhauser. The rights of the parties to this controversy remained precisely the same after the entry of satisfaction was stricken off by the court on the 2d of November, 1895, as they were on the 12th of June, 1895, before the entry of said satisfaction. The conduct of the plaintiff was not in any way influenced by the entry of satisfaction, nor did he acquire any rights thereby. He has, therefore, not been prejudiced by the action of the court in striking it off. McCune v. McCune, 164 Pa. 611, lays down the principle which governs and should govern in this case.

The refusal to admit in,evidence the plaintiff's offer of the judgment of Emma S. Newhauser v. John S. Newhauser and the execution issued thereon, to be followed by proof that Emma S. Newhauser was the wife of John S. Newhauser, was proper.  There was no offer to show that the judgment was fraudulent or, that the indebtedness of the husband to the wife was in existence at the time of the representations made by the husband to the plaintiff's salesman at the time the goods in controversy in this suit were purchased.  The testimony offered could, therefore, have no bearing whatever upon the issue, was clearly irrelevant and was properly rejected.  The assignments of error are, therefore, all overruled and the judgment is affirmed.