# North American Smelting Company, Appellant, v. Horace F. Temple.

*Sale—Fraud—Concealment of insolvency.*

Mere concealment of insolvency, although known to the vendee, will not constitute such a fraud as will enable a vendor to rescind a sale. To constitute such fraud there must be not only insolvency and the knowledge of it, but also artifice, trick or false pretense.

The purchase of goods for a corporation by its manager will not render him liable for the price even though he knew the corporation to be insolvent.

Argued Nov. 23, 1899. Appeal, No. 172, Oct. T., 1899, by plaintiff, from judgment of C. P. Chester Co., Aug. T., 1898, No. 45, in favor of defendant on demurrer. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by BEAVER, J.

Demurrer to statement. Before BUTLER, J.

It appears from the record that plaintiff's statement alleged that defendant was the general manager and one of the directors

100 SMELTING CO. *v.* TEMPLE.

Statement of Facts—Opinion of the Court. [12 Pa. Superior Ct.

of the West Chester Publishing Company; that knowing said company to be insolvent he purchased goods to the amount of $16.42 from plaintiff and by means of fraudulent concealment of the condition of said publishing company induced the consignment of said merchandise to said publishing company. To this statement defendant demurred. The court entered judgment for defendant on the demurrer. Plaintiff appealed.

*Error assigned* was in sustaining defendant's demurrer and directing judgment to be entered thereon.

*Charles H. Pennypacker*, for appellant.—Defendant's conduct in taking and using plaintiff's property amounted to a promise to pay for it: Adams v. Steamboat Co., 3 Wharton, 75.

A purchase with a present intent not to pay is a rank fraud in morals and should be so pronounced in law: Bughman v. Bank, 159 Pa. 94.

Insolvency and the knowledge of it at the time of the sale are evidence to go to the jury with other facts to show the intended fraud: Cooperage Co. v. Gaul, 170 Pa. 545; Harner v. Fisher, 58 Pa. 453; Rodman v. Thalheimer, 75 Pa. 232.

It was the duty of Temple to have communicated the fact of the insolvency of the publishing company to the vendors (the plaintiff) and the omission of that duty amounts to a fraud: Croyle v. Moses, 90 Pa. 250; Donaldson v. Farwell, 93 U. S. 631.

*C. Wesley Talbot*, for appellee.—The law in this state is not that insolvency and the mere knowledge of it are such a fraud as to set aside the sale and enable the seller to rescind, and to replevy the goods after they have come fully and fairly into the possession of the purchaser. It requires artifice, trick or false pretense as a means of obtaining possession, to avoid the purchase: Wessels v. Weiss Bros., 156 Pa. 591; Diller v. Nelson, 10 Pa. Superior Ct. 449.

OPINION BY BEAVER, J., December 11, 1899:

The defendant was director and manager of a corporation authorized by and organized under the general corporation Act of April 29, 1874, P. L. 73. It is sought in the present action to hold him personally liable for a debt due originally by the

corporation. There is no allegation or intimation of liability under the corporation act, nor is there any question as to the identity of the purchaser of the goods. It is true the statement alleges that the defendant purchased from the plaintiff the merchandise set forth therein, but admits that it was consigned to the West Chester Publishing Company, and that nothing has ever been paid and nothing whatever can be collected therefor from the said West Chester Publishing Company, by reason of its insolvency. This we regard as a practical admission that the plaintiff knew at the time of the purchase that the goods were purchased for the corporation of which the defendant was manager and director and that the sale was in fact so made. The only ground, therefore, upon which personal liability can be successfully enforced is that of fraud. The plaintiff proposes to establish the existence of fraud and alleges it in his statement as follows : "That at the time of said purchase by Temple the said publishing company was insolvent and Temple knew it was insolvent; that said Temple thus perpetrated a fraud upon the plaintiff, and, by a fraudulent concealment of the condition of the said publishing company, induced the consignment of said merchandise to said company, wherefore the plaintiff claims to have and to recover the amount of its claim from the said defendant."

Admitting, as we must, the truth of the allegations in the statement as to the insolvency of the corporation of which the plaintiff was manager and his knowledge thereof and the failure to make known to the plaintiff such insolvency, does that of itself constitute such a fraud as will enable the plaintiff to recover? The conduct of the plaintiff in concealing the insolvency of the corporation which he represented is not more fraudulent than if, in the purchase of goods on his own account, he had concealed his own insolvency, if it had existed; but notwithstanding the fact that our appellate courts have sometimes regretted it, the law is regarded as well established that mere concealment of insolvency, although known to the vendee, will not constitute such a fraud as will enable the vendor to rescind the sale. To constitute such a fraud there must be not only insolvency and the knowledge of it, but also artifice, trick or false pretense: Rodman v. Thalheimer, 75 Pa. 232; Cooperage Co. v. Gaul, 170 Pa. 545; Paul Bros. v. Eurich, 3 Pa. Superior

Ct. 299; Ralph v. FonDersmith, 3 Pa. Superior Ct. 618; Claster Bros. v. Katz, 6 Pa. Superior Ct. 487; Diller v. Nelson, 10 Pa. Superior Ct. 449. It is true that in several of these cases our appellate courts have said that "insolvency and the knowledge of it at the time of the sale are evidence to go to the jury, with other facts to show the intended fraud," but the other facts are wanting in this case and are not alleged in the statement. We cannot, in the face of these authorities and many others of the same character, determine that to be a fraud here which has been so generally held not to be fraudulent per se in the case of sales to original vendees. The principle, notwithstanding the difference in the facts, is as applicable in the present case as in those cited.

The court below was clearly justified, upon undoubted authority, in sustaining the demurrer to the plaintiff's statement.

Judgment affirmed.