# Krauskopf *v.* Pennypack Yarn Finishing Company, Appellant.

*Practice, C. P.—Trial by court—Finding of facts—Warranty—Sale.*

In an action for goods sold and delivered, tried by the court without a jury, a finding by the court on sufficient evidence that the sale was made without any warranty of quality, will not be disturbed by the appellate court, in the absence of manifest error.

In such a case where the trial judge states the material facts that appeared in evidence, and adds that there was no warranty made, the finding is a sufficient compliance with the Act of April 22, 1874, P. L. 109.

The fact that no notice was given of the findings of fact, as required by the act, cannot be taken advantage of, where it appears that exceptions to the findings were filed by the party aggrieved.

*Sale—Warranty—Quality—Grade.*

Where the price of goods is fixed by contract and the quantity and quality are furnished and accepted without complaint, the buyer must pay the price even though the quality be inferior.

The naked averment of a fact is neither a warranty of itself nor evidence of it.

Argued Oct. 14, 1904.    Appeal, No. 114, Oct. T., 1904, by defendant, from judgment of C. P. No. 5, Phila. Co., June T., 1902, No. 272, on trial by the court without a jury in case of L. Krauskopf v. Pennypack Yarn Finishing Co.    Before RICE, P. J., BEAVER, SMITH, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit for goods sold and delivered.

The case was tried by agreement before RALSTON, J., without a jury.

The court reported as follows :

Plaintiff claimed to recover from defendants for caustic soda sold and delivered. Defendants alleged that plaintiff had guaranteed and expressly warranted that all of the soda was of a superior quality and that a perfect finish could be obtained by the use of it in the process of mercerizing cotton yarn.

The court finds, after a careful consideration of all the evidence, that the sale of the caustic soda for which plaintiff claims to recover was sold without warranty and, consequently, the plaintiff is entitled to recover the amount due for the caustic soda, furnished, according to the statements furnished the court by plaintiff's counsel, as follows :

Balance due . . . . . . . $553.75
Interest on $500 for October 20, 1901 . . 50.00
"      " $53.75 for March 19, 1902 . . 4.02
                          Total . $607.77

Subsequently the court filed this adjudication:

This was an action to recover for caustic soda sold and delivered. The defendants alleged that the plaintiff guaranteed and expressly warranted that all the soda was of a superior quality and that a perfect finish could be obtained by its use in the process of mercerizing cotton yarns.

### FINDING OF FACT.

1. The plaintiff sold and delivered caustic soda to the defendants at various times, upon which a balance remains due and unpaid as follows:

Balance due . . . . . . . $553.75
Interest on $500 from October 20, 1901 . . 50.00
"      " $53.75 from March 19, 1902 . . 4.02
                          Total $607.77

2. The sales were made without any warranty of quality.

### CONCLUSIONS OF LAW.

The plaintiff is entitled to recover the sum of $607.77 for which judgment is entered.

Exceptions to the adjudication were dismissed by the court.

*Error assigned* was the judgment of the court.

*John K. Andre*, with him *Henry F. Walton*, for appellant, cited: Ellis v. Lane, 85 Pa. 265; Foreman v. Hosler, 94 Pa. 418; Com. v. Equitable Beneficial Assn., 137 Pa. 412; Lewars v. Weaver, 121 Pa. 268; Warren v. Philadelphia Coal Co., 83 Pa. 437; Lane v. Penn. Glass Sand Co., 172 Pa. 252.

*Emanuel Furth*, with him *Leo S. Rowe* and *Jacob Singer*, for appellee, cited: Wetherill v. Neilson, 20 Pa. 448; Fraley v. Bispham, 10 Pa. 320; Shisler v. Baxter, 109 Pa. 443; Mahaffey v. Ferguson, 156 Pa. 156; Foreman v. Hosler, 94 Pa. 418;

Com. v. Equitable Beneficial Assn., 137 Pa. 412 ; Ellis v. Lane, 85 Pa. 265.

OPINION BY MORRISON, J., November 21, 1904 :

In this action of assumpsit after declaration filed and affidavit of defense thereto, judgment was taken in favor of the plaintiff for an amount admitted to be due and this judgment was satisfied. The parties, by their counsel, then stipulated of record for a trial as to the balance of the claim by the court, without a jury. The learned judge who heard the case, in a rather informal way, filed his findings of fact and conclusions of law on July 9, 1903. In substance the learned judge found that the plaintiff sold and delivered caustic soda to the defendants at various times upon which a balance remained due and unpaid, as follows :

| | |
|---|---:|
| Balance due . . . . . . | $553.75 |
| Int. on $500. from Oct. 20, 1901 . . . | 50.00 |
| Int. on $53.75 from Mar. 19, 1902 . . | 4.02 |
| Total . . | $607.77 |

The court also found, against the defendants' contention, that the caustic soda was sold without warranty and, consequently, the plaintiff is entitled to recover the amount due for the caustic soda furnished. Judgment was not entered upon this finding until December 8, 1903, when the court again stated the plaintiff's claim, and the defendants' contention that the plaintiff guaranteed and expressly warranted the quality of the caustic soda. The court found that the sales were made without any warranty of quality and as a conclusion of law that the plaintiff is entitled to recover the sum of $607.77 for which judgment was entered.

The learned counsel for the appellant contends with much vigor that the court entirely failed to find the facts and conclusions of law in accordance with the provisions of the Act of April 22, 1874, P. L. 109, authorizing trial by the court without a jury. The defendants' counsel is very exacting in regard to the court strictly conforming to the technical requirements of the act, and because of their supposition that the learned court entirely failed to comply with the act they have filed thirty-three assignments of error. We have examined these

assignments with some care and have carefully considered the evidence and the manner and the form of the trial, as well as its result, and we are forced to the conclusion that these assignments are without merit.

The question involved is a very simple one. The defendant did not deny purchasing the caustic soda nor was its value denied except on the theory that it had been warranted to be of a certain quality and effectiveness. The defendants' evidence as to this warranty was not very convincing while the plaintiff's reply thereto was clear and positive that the caustic soda was not warranted, that it was sold as of a designated quality and that the defendants had purchased and used the same grade of material prior to this sale and well knew its quality.

The learned judge found the fact with the plaintiff and the evidence was sufficient to warrant such finding and this was the whole case. When the court found that the defendants received what they purchased and that there was no warranty and that they had not paid for the goods, the ingenuity of the counsel has not satisfied us of any error in directing judgment for the plaintiff.

We consider the findings of fact and conclusions of law a substantial compliance with the act of assembly. The opinion of the trial judge states the material facts that appeared in evidence, and adds that there was no warranty made. In Ellis v. Lane, 85 Pa. 265, it was claimed that the court erred in not stating separately and distinctly the facts found. The Supreme Court said: "If this were so it would of course be good ground for reversal, but it is not sufficiently clear that the provisions of the act in this respect have not been substantially complied with. . . . While the decision of the court does not strictly conform to the requirements of the act, we are unable to say, from the record before us, that any material fact was omitted or improperly stated."

It is true that the record in the present case is not as complete as it might be. The record does not show that notice was given after the court filed the findings of fact on June 24, 1903. This would be a fatal error if it were not for the fact appearing of record that the defendants filed exceptions to the findings of fact on July 17, 1903. It is not contended that

the defendants did not have a hearing on these exceptions. Judgment was not entered until December 9, 1903, and while the record does not show a formal dismissal of the exceptions, we consider the entry of judgment in accordance with the original findings a sufficient disposition of the exceptions. The action of the court in entering judgment is equivalent to a dismissal of the exceptions.

We do not regard the opinion of the court and findings of fact and conclusions of law, filed on December 9, 1903, as of much consequence, except in so far as judgment was directed therein. This for the reason that the court had sufficiently found the facts and indicated the conclusions of law under date of July 9, 1903.

It should be noticed that the defendants purchased a grade of caustic soda with which they were familiar ; that they used it and did not offer to return it to the plaintiff ; that their defense was an alleged warranty that the soda was " of a superior quality and that a perfect finish could be obtained by using this caustic soda in the mercerizing process of cotton yarns." As we have already said the court found this fact against the defendants, on sufficient evidence.

We fail to see that any elaboration of the findings of fact or conclusions of law would have made it much plainer to the defendants why they were liable to pay for the caustic soda purchased, received and used. The soda was represented by the plaintiff as seventy-four per cent solvay caustic. The naked averment of a fact is neither a warranty itself nor evidence of it. See Wetherill v. Neilson, 20 Pa. 448. " Where the price of goods is fixed by contract and the quantity and grade are furnished and accepted without complaint, the buyer must pay the price even though the quality be inferior : " Werner Saw Mill Company v. Ferree, 201 Pa. 405 (see p. 412).

Having reached the conclusion that the judgment of the court works substantial justice we are not persuaded that it should be reversed for unimportant irregularities.

The assignments of error are all dismissed and the judgment is affirmed.