## Koolbergen v. Yates, Appellant.

*Contract—Sale—Affidavit of defense—Duty to inspect—Laches—Warranty.*

1. In an action to recover the price of plants imported from abroad an affidavit of defense is insufficient which avers that the plants were not of the height specified in the contract, where it appears that the defendants paid the duty and ocean freight when the plants were delivered, and made no complaint of the height until they filed their affidavit of defense one year and a half after they received the plants.

2. In such a case it was the duty of the defendants, after a reasonable time for inspection, to either accept or reject the goods, and, if they rejected, to promptly notify the plaintiffs.

3. Where plants are purchased on the express warranty that they were hardy in the American climate, and the purchase was made upon the faith of the warranty, an affidavit of defense in an action for the price, is sufficient which sets up the warranty and avers that the plants received proper care and attention, but that all died and were totally worthless, solely because they were not hardy, as warranted.

4. In such a case where it appears that the plants were imported, and that the defendants had paid the duty and ocean freight, they are entitled to repayment of the amount of duty and freight, as damages for the breach of warranty.

5. In an action to recover the price of plants where it appears by the terms of the sale that the seller guaranteed "all varieties to be true to name and description," an affidavit of defense is sufficient which avers that the defendants had ordered one variety of plants, and that the plaintiffs had delivered another variety which was worthless.

6. In an action to recover the price of a number of plants imported from abroad, there was included a number of lilac plants. The defend-

ants filed an affidavit of defense in which they averred that they had never ordered the lilacs, and that upon the arrival of the plants they had so notified plaintiff's agent, and that the latter had requested them to take the plants, pay the duty and freight, and sell them to the best advantage, and that the defendants had done so, and had received an amount for cut flowers from the lilacs which was less than the amount which they had paid for duty and charges. *Held,* that the affidavit of defense was sufficient to prevent judgment.

Argued Dec. 10, 1912. Appeal, No. 264, Oct. T., 1912, by defendant, from order of C. P. Phila. Co., March T., 1912, No. 2,037, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Harry Van Koolbergen and Gilbert Sliedrecht, trading as Koolbergen & Sliedrecht, v. Walter N. Yates and Thaddeus N. Yates, trading as Thaddeus N. Yates & Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Assumpsit for goods sold and delivered.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Daniel C. Donoghue,* for appellants.

*Benjamin O. Frick,* for appellees.

OPINION BY PORTER, J., April 21, 1913:

The plaintiffs are nurserymen and brought this action to recover the prices of certain shrubs and plants alleged in the statement to have been sold and delivered to the defendants, upon an express contract to pay for them at the prices stated. The defendants filed an affidavit of defense as to a part of the claim, which the court below held to be insufficient and made absolute a rule for judgment for the whole amount of plaintiffs' demand. The defendants appeal from that order.

The items in dispute were set forth in plaintiffs' statement as follows, viz.: "500 Box Bush, 1 ft. at 10 cents, $50.00." "100 Box Bush 1½ ft. at 15 cents, $15.00." "100 Cupresses Erecta Virides at 25 cents, $25.00." "250 Conifers Alumi for window boxes at 11 cents, $27.50." "100 Lilac Legray Potgrow at 50 cents, $50.00." And "40 Lilac Charles X Potgrow at 50 cents, $20.00."

The allegations of defense can be most satisfactorily stated separately as to the items above mentioned. The only objection to the first two items, for "Box Bush," stated in the affidavit of defense is that the plants were not of the height averred in the statement, which height the contract required them to be. The plants had been received by the defendants in October, 1910, and they had at that time paid the duty and ocean freight. They had retained and used the plants and, so far as the record indicates, the first complaint that they had ever made as to the size of the plants was when they filed this affidavit, in March, 1912. The size of the plants was a matter that would become evident as soon as the defendants received them and they were at that time required to inspect the goods. The duty was upon the defendants, after a reasonable time for inspection, to either accept or reject the goods, and, if they rejected, to promptly notify the plaintiffs: Tete Bros. v. Eshler, 11 Pa. Superior Ct. 224; Krauskopf v. Yarn Finishing Co., 26 Pa. Superior Ct. 506. The learned judge of the court below was clearly right in holding that the defendants having retained the "Box Bush" for so long a time without complaint, must pay for that item according to contract.

With regard to the "Cupresses Erecta Virides," for which $25.00 is claimed, an entirely different question is presented. The affidavit distinctly averred that, at the time the order was given the defendants informed the plaintiffs that they were not familiar with this particular variety of plant, "and if they were hardy in the American climate they would order 100 of them; whereupon the plaintiffs in order to induce affiant to give said order

expressly stipulated and guaranteed to the defendants that the said plant was hardy in the American climate; and acting upon the faith and assurance of said stipulation and guaranty the affiant then and there ordered 100 of said plants. The defendants aver that said plant was not hardy in the American climate and that said plants received proper care and attention, and that none of said plants stood the rigors of the American climate and that all of said plants died and were totally worthless solely because they were not hardy, as warranted." Here was a distinct allegation of an express warranty, in the contract of sale, that the plant was hardy in the American climate, that the purchase was made upon the faith of the warranty, and followed by the distinct allegation that the plants, although they received proper care and attention, all died and were totally worthless solely because they were not hardy, as warranted. When there is a warranty of a particular quality in an article of merchandise, and the article is found to be deficient in that quality and totally worthless, because of that deficiency, there is no rule of either law or morals which requires a purchaser to pay the full contract price. He has not received the thing which under his contract he was entitled to have. The affidavit alleged, as to this item, a good defense. The defendants would also be entitled to credit upon the account for the amount of duty and charges which they had been required to pay on these worthless plants, as damages for the breach of warranty upon which they had the right to rely.

With regard to the charge of $27.50 for 250 "Conifers Alumi," the affidavit of defense avers "that the variety of plants delivered by the plaintiffs to the defendants was not Conifers Alumi, the variety ordered, but that said plants were of a different variety; that Conifers Alumi, the variety ordered, were a hardy plant; that the variety delivered was not hardy; that the variety delivered received all proper care and attention; but solely because of the fact that they were not of the variety or-

dered and were not hardy all of them died, and were totally worthless." Now the plaintiffs in their statement had averred that among the terms of sale was the following covenant, "The seller is not responsible for the result of planting of any goods sent out, he guarantees only all varieties to be true to name and description." This being the case, it would seem to be too clear to require discussion that the defendants were entitled to receive the variety of plants which they had ordered, before they could be required to pay at the rate agreed upon. If the allegation of the affidavit is true the defendants had ordered one variety of plant, and the plaintiffs delivered another variety, which was worthless. This was a good defense as to this item of the claim. The defendants would also be entitled to have deducted from the bill the amount of the duty and charges which they had been required to pay upon the plants embraced in the item.

With regard to the two items amounting to $70.00 for 140 lilacs the affidavit averred that no order was ever given by the defendants or either of them, directly or indirectly for said lilacs, and that the plaintiffs had no authority whatever to charge the defendants for the same. The affidavit contained the following explanation as to the manner in which the lilacs came into the possession of the defendants: "Upon the arrival of said lilacs in this country, the defendants notified John Dunn, Jr., who was acting as plaintiffs' agent, that the defendants had not ordered said lilacs; said Dunn requested the defendants to receive said plants and make the best use of them they could; solely at this request of said Dunn, acting as agent of said plaintiffs, the defendants received said lilacs, paid the duty, ocean freight and charges on same amounting to $50.94; and gave said plants proper care and attention; sold the cut flowers therefrom at full market value, for which the defendants received not over the sum of $50.00, which amount they had already paid out in paying duty, ocean freight and other charges on same. The defendants, therefore, aver that they are not

liable to plaintiffs for the sum of $70.00 charged for said lilacs." If these allegations be true, these defendants had never ordered these goods, as averred in plaintiffs' state-ment, they had never purchased them from any person. They had merely, at the request of an agent of the plain-tiffs, received the goods, taken care of them, and endeav-ored to make the best use of them possible in the interests of the plaintiffs, and in doing so they had paid out more money than they had received. The plants still in the possession of the defendants may be the property of the plaintiffs, who are entitled to have them on demand, but the defendants have not expressly agreed to buy them at a price agreed upon as the plaintiffs in their statement had averred.

The judgment is reversed with a procedendo.