## Holmes, Appellant, v. Tyson.

147    305
29 SC  480

*Contract—Sale—Warranty.*

The naked averment of a fact is neither a warranty of itself, nor evidence of it.

At the time the sale of a horse was closed plaintiff said to defendant "I have nothing to show that you warrant this horse as you represent him," to which defendant replied: "The horse is just the same as when you drove him on Monday." *Held,* that these words did not constitute a warranty and that the case was properly withdrawn from the jury.

Argued Jan. 12, 1892. Appeal No. 99, July T., 1891, by plaintiff Henry Holmes, from judgment of nonsuit of C. P. No. 3, Phila. Co., June T., 1889, in favor of defendant, Abraham Tyson. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit to recover the price of a horse.

The facts appear by the opinion of the Supreme Court.

The court entered a compulsory nonsuit.

*Error assigned,* inter alia, was the entry of judgment of nonsuit.

*Thomas A. Fahy,* for appellant.

*M. J. O'Callaghan,* for appellee.

PER CURIAM, January 25, 1892.

This was an action brought for a breach of warranty in the sale of a horse. The learned judge below directed a nonsuit, for the reason that the evidence was not sufficient to show a warranty. In this we think he was right. At the time the transaction was closed, and the money paid, there was no warranty. On the contrary, the plaintiff said to the defendant: "I have nothing to show that you warrant this horse as you represent him," to which the defendant replied: "The horse is just the same as when you drove him on Monday." This is very far from being a warranty. It was, at most, an assertion that the horse was in the same condition as on the previous Monday, and there was nothing in the case to show that it was not true. There was evidence of previous statements having been made to the plaintiff, that the horse was kind, sound and gentle, but the defendant did not warrant him to be so. It was

held in Jackson v. Wetherill, 7 S. & R. 480, that an assertion by the vendor to the vendee, at the time of selling a mare, that he is sure she is safe, and kind, and gentle in harness, amounts only to a representation, and does not constitute a warranty, or express promise that she is so. In McFarland v. Newman, 9 Watts, 55, the action was assumpsit on an alleged warranty in the sale of a horse, and the court below charged the jury that "a positive averment, made by the defendant at the time of the contract, is a warranty; that it is a part, or parcel, of the contract." This ruling was reversed in this court, GIBSON, C. J., saying in his opinion: " As the cause goes back to another jury, it is proper to intimate the principle on which a correct decision of it must depend. Though, to constitute a warranty requires no particular form of words, the naked averment of a fact is neither a warranty of itself nor evidence of it. In connection with other circumstances, it certainly may be taken into consideration; but the jury must be satisfied, from the whole, that the vendor actually, and not constructively, consented to be bound for the truth of his representation. Should he have used expressions fairly importing a willingness to be thus bound, it would furnish a reason to infer that he had intentionally induced the vendee to treat on that basis; but a naked affirmation is not to be dealt with as a warranty, merely because the vendee had gratuitously relied on it; for not to have exacted a direct engagement, had he desired to buy on the vendor's judgment, must be accounted an instance of folly. Testing the vendor's responsibility by these principles, justice will be done without driving him into the toils of an imaginary contract."

We have quoted this extract from the opinion in McFarland v. Newman, because it bears upon another point. It was contended, in the case in hand, that the question whether there was a warranty should have been submitted to the jury. As the warranty, if any, is to be found in the oral testimony, it would undoubtedly be the province of the jury to determine it, if there was a conflict of evidence. Had the language used been equivocal; had the one party asserted a warranty, and the other denied it, the matter should have been submitted to the jury. But the plaintiff's own testimony showed there was no warranty. There was the mere assertion of a fact, which

the cases cited show was not a warranty, nor the evidence of one. Under such circumstances, it would have been the duty of the court to instruct the jury that, upon the undisputed facts, there was not sufficient evidence of a warranty. As the action was upon a warranty, and no warranty was shown, the learned judge did not err in directing a nonsuit.

Judgment affirmed.