# Jonas G. Brinser, Appellant, *v.* Longenecker & Bausman.

*Sale—Warranty—Charge of court.*

In an action to recover money paid for cattle, plaintiff averred in his statement that the suit was founded on a breach of warranty of the cattle. The principal contention was as to whether there was a warranty or not. There was evidence that two of the heifers purchased of defendants were never delivered. *Held,* that, in the absence of a request to instruct as to the item of claim based on the nondelivery, it was not error to fail to give such instruction.

Argued May 21, 1895. Appeal, No. 144, July T., 1894, by plaintiff, from judgment of C. P. Lancaster Co., Sept., T., 1891, No. 86, on verdict for defendants. Before STERRETT, C. J., WILLIAMS, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit to recover moneys paid for a lot of heifers which it was claimed were not in the condition in which they were warranted. Before BRUBAKER, J.

The facts appear by the charge of the court which was as follows:

" This suit is founded upon a warranty or an alleged warranty on the part of the defendants of the soundness and healthy condition of a lot of heifers purchased by the plaintiff on the 8th day of August, 1888. If you believe the testimony of the plaintiff, that the expression was used by either one of the defendants, as stated by him, the plaintiff, and the plaintiff had reasonable ground to suppose that the warranty was intended by the defendants, and that he did so suppose, and in making the purchase of the stock relied upon such supposed warranty, then you should find that there was a warranty in fact in this case. No particular words or form of expression is necessary to create a warranty, nor need the word ' warranty ' be used. If the representation is positive and relates to a matter of fact and not to a matter of opinion, that is, if these men had said that it was their opinion that the cattle were all right, that would not be a warranty; but if the plaintiff received the statement as true, and relied upon it in making the bargain, such representation will constitute a warranty.

" The expression relied upon by the plaintiff to constitute a warranty in this case, as given by the plaintiff himself and taken down by the court stenographer, and which I shall read to you, is as follows :—Jonas C. Brinser, the plaintiff, said :

" ' I said to Longenecker, " What brings that kind of cattle in the market this time of year on the cars? There's something wrong with them." He said he would warrant them to be all right. We spoke it in German.'

" On cross-examination the question asked by counsel for the defendants was ;

" Q. You say that Longenecker warranted the cattle. What did he say about warranting them? A. I asked him, ' What brings that kind of cattle in the market. I asked him if there was anything wrong with these cattle, and he said he would insure them.' Q. Did you say at the Squire's office that he said he would insure them? A. Yes. I think so. Q. Give us the German that he used when he said he would insure the cattle. What did he say? A. Longenecker said, ' I will insure them that they are all right.'

" If there was no such warranty made by the defendants or either of them, as represented, and the defendants positively deny that it was so made, then there can be no recovery had in the absence of fraud. In the absence of either fraud or warranty, the purchaser takes the risk of the defects in soundness, health or condition of stock that he purchases. In this case, however, there is no allegation of fraud made. The plaintiff says in the statement of his demand—and he relies upon it— that the suit ' is founded and based upon a warranty ' solely, of the soundness and healthy condition of the lot of heifers in question, and which are now under consideration.

" [Therefore, you must find the fact from the testimony as presented. Was there a warranty of these cattle? If these defendants did not warrant or insure the health and condition of the cattle, as represented by the plaintiff—in other words, if you do not believe what the plaintiff said in this case, then there can be no recovery, and then it will not be necessary for you to go into any other question ; because, as I said before, he relies solely upon the warranty of the stock when he purchased it.] [1] [And it is for you to say in considering all this testi‑ mony, whether this was not a scrub end of a lot of cattle that

he purchased. You will take the price and everything else into consideration, and say whether it is likely or not that such a warranty would have been made, under the circumstances of the case.] [4] If you come to the conclusion that the plaintiff has told you the truth here to-day, and that there was such a warranty, as represented by him, then he is entitled to recover such an amount as he has proven to you in this case as the loss sustained by him by reason of this purchase under the warranty.

"Now this is a very simple question, and it seems to me, gentlemen, you ought not to have very much trouble in getting at the truth of the matter. It is almost solely a question of credibility. As I said before, if you believe the plaintiff, that there was such a warranty made, then he is entitled to recover, and the measure of damages will be the difference between what he paid for the cattle and what they were worth at the time the sale was made, as represented by the counsel on the part of the plaintiff.

"[There is still one element presented in this case, which is not common in the conduct of civil cases, and that is the question of character. The character of the plaintiff has been assailed in this case. The only testimony you really have before you on the question of warranty was given on the part of the plaintiff, and, indeed, that alone was presented; but his character for truthfulness has been assailed here. It is a very difficult matter to call neighbors in to prove the bad character of a man, while it is a very easy thing to prove the good character of a man; and it is for you to say, from the reputation that these witnesses, who are his neighbors and live in his immediate vicinity, quite a number of them, whether from the reputation that they give this man when they say they would not believe him on oath, that he ought to be believed by you. They seem to be reputable people. They knew this man from ten to fifty years. Is it possible that a community or so large a portion of a community would come into a court of justice and swear that he has a very bad reputation for truthfulness and they would not believe him on oath, if it was not true? It is a question of fact which you are bound to consider, and it is your duty to consider it as evidence in this case. Courts of justice are not established for the purpose of enforcing trumped-up claims. If this is a trumped-up claim you ought

to say so promptly, and he ought to be put out of court; but if it is a just claim, he is entitled to recover in this action.] [5]

" I reserve as a question of law the matter of the jurisdiction of the magistrate before whom this suit was brought, to be passed upon, in case you should be of the opinion, and so decide by your verdict, that there was a warranty intended by the parties, defendants, and the plaintiff relied upon such warranty in making the purchase of this stock. If you should so find, I ask you to say so specially by writing out your verdict in full to that effect. [I will give you a form which you may use as a guide for that purpose. Should you believe from all the testimony that there was such a warranty, as alleged in the plaintiff's statement and as sworn to by the plaintiff himself, you should find for the plaintiff. If you believe there was no warranty in this case, you need go no further. Then you ought simply to say, ' we find for the defendants.' The form of verdict which I shall hand to you reads as follows: you are not obliged to use the same language; it is to guide you in framing your verdict in case you find for the plaintiff. It reads:

" ' We, the jury in the above case, do find, that the plaintiff purchased the heifers in dispute in this case from the defendants on a warranty of their health and soundness, and assess the damages for the loss at so much, and so find for the plaintiff in the sum of blank dollars.' But if you determine that there was no warranty, then you simply say, ' we find in favor of the defendants.'] [2] The question of law, which has been submitted to me upon this special verdict, which you will render, will be, is the plaintiff entitled to recover in this suit, having testified that his claim, or his loss, was over three hundred dollars. If you should find in favor of the plaintiff, then it is my duty to say whether the magistrate had jurisdiction of this matter, under the testimony submitted by the plaintiff in this case. If you find for the defendant, it will not be necessary for me to say so.

" Therefore, gentlemen, it is solely a question of fact for you, and I want you to give this case your serious attention. The testimony is fresh within your hearing. [It ought not to take you very long to find out the truth of the matter, because the plaintiff relies solely upon himself. If you believe him, you

ought promptly to render a verdict in his favor.   If you disbelieve him, you should promptly render a verdict in favor of the defendants.] " [3]

Verdict and judgment for defendants.   Plaintiff appealed.

*Errors assigned* were (1–5) above instructions, quoting them.

*B. F. Davis,* for appellant.—From both the pleadings and the evidence the plaintiff had a right to recover for money had and received on the two heifers lost, as he had paid for them, whether there was a warranty or not: Garrett v. Gonter, 42 Pa. 143 ; Gregg Twp. v. Jamison, 55 Pa. 468; P. R. R. v. Berry, 68 Pa. 272 ; Garey v. Woodward, 127 Pa. 251 ; Peirson v. Duncan, 162 Pa. 187 ; Penna. Land Co. v. Harris, 101 Pa. 80.

Under the act of April 12, 1866, P. L. 101, the law implies a warranty that the cattle sold shall be free from disease at the time of the sale : Burkholder v. Beetem's Admr., 65 Pa. 496 ; Mitchell v. Smith, 1 Binn. 110 ; Seidenbender v. Charles's Admr., 4 S. & R. 151 ; Columbia Bank & Bridge Co. v. Haldeman, 7 W. & S. 233 ; Boutelle v. Mellendy, 19 N. H. 196

The charge was one sided and misleading : Gilchrist v. Rogers, 6 W. & S. 488; Camden & Atlantic R. R. v. Hoosey, 99 Pa. 492 ; Garey v. Woodward, 127 Pa. 251 ; R. R. v. Alvord, 128 Pa. 42; Skinner v. McAllister, 4 Cent. L. J. 750 ; Linn v. Com., 96 Pa. 285 ; Stokes v. Miller, 10 W. N. C. 241 ; McCahan v. Hirst, 7 Watts, 175 ; Seigworth v. Leffel, 76 Pa. 476.

*W. U. Hensel, J. Hay Brown* with him, for appellee.—It will be seen that the plaintiff submitted no points to the court, and therefore, under the authority of Garrett v. Gonter, 42 Pa. 143, omission to give the jury specific instructions as to finding for the plaintiff for the lost cattle is not assignable as error : Gregg Twp. v. Jamison, 55 Pa. 468.

PER CURIAM, May 30, 1895 :

In his statement of claim, plaintiff commences by averring: " This suit is founded and based upon a warranty, on the part of the defendants, of the soundness and healthy condition of a lot of heifers bought by plaintiff of defendants and sold by

defendants to plaintiff." The natural inference from this comprehensive averment is, that each and every item of plaintiff's claim is founded on the alleged warranty; but, after stating in detail the terms, breach, etc., of the warranty, the plaintiff in the next paragraph of his statement avers that two of the heifers, worth together about thirty-five dollars, purchased by him from defendants were never delivered, etc. One of the subjects of complaint here is that the learned trial judge, in his charge to the jury, took no notice of this latter item of claim.

The principal contention appears to have been in regard to the alleged warranty, and breach thereof, upon which the main part of plaintiff's claim was distinctly based. The learned judge was not requested to instruct the jury as to the smaller item of claim based on the alleged nondelivery of two of the heifers purchased and paid for; nor was he bound to do so without being requested. If he omitted to call the jury's attention to that item of claim, the least the plaintiff should have done would have been to remind him of the fact. Having neglected to do so at the proper time, he has no right to complain now.

As to the principal item of claim, depending solely on the alleged warranty, etc., the questions of fact, presented by the testimony relating thereto, were submitted to the jury in a charge which appears to be adequate and free from any error that would justify a reversal of the judgment, entered on a verdict predicated of a finding of all the controlling facts against the plaintiff.

We find nothing in either of the specifications that requires further discussion. The entire claim was, at best, a stale one, accompanied by circumstances that were calculated to discredit rather than sustain it.

Judgment affirmed.