# Herman v. Brinker.

*Sale—Warranty—Province of court and jury—Warranty of cow.*

Although to constitute a warranty no particular form of words is required, the naked averment of a fact without more is not a warranty. In connection with other circumstances it certainly may be taken in consideration, but the jury must be satisfied from the whole that the vendor actually and not constructively consented to be bound for the truth of his representation.

In an action to recover damages for an alleged breach of warranty in the sale of a cow, where the plaintiff testifies that at the time of the sale the defendant used the words "The cow is all right," and it turned out that the cow had mange, the plaintiff has no standing to complain that the court erred in refusing to say that these words of themselves constituted the warranty, and in saying to the jury "there must be a declaration that the cow is all right, and it must have been made by the seller intending that he would stand good for the truth of that allegation, and in addition to that the purchaser must have thereupon purchased in reliance upon that allegation."

Argued April 16, 1901.   Appeal, No. 83, April T., 1901, by plaintiff, from judgment of C. P. Westmoreland Co., May T., 1899, No. 690, on verdict for defendant in case of Samuel Herman v. John Brinker.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Appeal from justice of the peace.   Before McCONNELL, J.

At the trial it appeared that on January 5, 1899, plaintiff bought a cow from defendant.   Plaintiff testified that defendant said at the time of the sale "The cow is all right."   It turned out that the cow had mange.

Plaintiff presented these points;

1. If you believe the defendant stated at the time of the sale that the cow is all right, and thereupon the plaintiff bought the cow, this, under the circumstances, was a warranty.   *Answer:* That point we refuse.   We refuse it because more is necessary than what is stated in this point in order to constitute a warranty.   There must be a declaration that the cow is all right and it must have been made by the seller intending that he will stand good for the truth of that allegation.   And in addition to that, the purchaser must have thereupon pur-

chased in reliance upon that allegation.   Some of these essentials are left out in this point, and we refuse the point for that reason. [3]

2. In the sale of a cow there is a warranty implied that the animal is free from any contagious or infectious disease, and if the cow sold had mange, plaintiff is entitled to recover. *Answer :* The action in this case is brought upon an alleged express warranty, and that is the kind of a case that we have to try. This point is based upon an implied warranty.   The consideration of the case that is made up for us to try excludes the kind of a case to which this point would be applicable, and we therefore refuse the point.   If there was an express warranty that the cow was all right, and as a matter of fact the cow was not all right and had the mange at that time, the express warranty would be violated, as we have told you.   But that is not the point that is presented for our affirmance here.   The point is refused. [4]

3. Defendant having sold the cow in violation of an act of assembly he can reap no benefit from such sale and must refund the money he received, $35.00, with interest from January 5, 1899.   *Answer :* We are not trying a case of that kind.   The case is not brought on such a basis as that.   The case is brought on an alleged express warranty, and we only have to dispose of that kind of a case.   There are some cases that we do not have to dispose of in the trial of this issue. [5]

4. If the cow sold by defendant had mange at the time of the sale, the plaintiff is entitled to recover from defendant such sum as will compensate plaintiff for the time, trouble and expense caused in taking care of said cow, as well as for the time, trouble and expense caused by reason of the second cow contracting the disease.   *Answer :* That point is refused.   We have already indicated the measure of damages that is to be applied in the event that the plaintiff has made out his case. It differs from that expressed here.   This point is refused for the reasons already given in the general charge. [6]

Verdict and judgment for defendant.   Plaintiff appealed.

*Errors assigned* were (3–6) above instructions, quoting them.

*James L. Kennedy,* for appellant.

*D. J. Snyder*, for appellee.

PER CURIAM, May 23, 1901:

We think the learned court below was right in holding that the plaintiff's cause of action as alleged in his pleadings was the breach of an express warranty. The really important question therefore arising upon this appeal is whether it was the duty of the court to declare as matter of law that if the defendant stated at the time of the sale that the cow was all right, this was a warranty of soundness. The general doctrine of the Pennsylvania cases is, that though to constitute a warranty no particular form of words is required, the naked averment of a fact without more is not a warranty. "In connection with other circumstances it certainly may be taken in consideration, but the jury must be satisfied from the whole that the vendor actually, and not constructively, consented to be bound for the truth of his representation. Should he have used expressions partly importing a willingness to be thus bound, it would furnish a reason to infer that he had intentionally induced the vendee to treat on that basis; but a naked affirmation is not to be dealt with as a warranty, merely because the vendee had gratuitously relied on it: " McFarland v. Newman, 9 W. 55. It is not necessary to refer to all the numerous cases in which this statement of the law has been recognized; it is sufficient to refer to the recent cases of Holmes v. Tyson, 147 Pa. 305, Houston v. Cook, 153 Pa. 43, and Mahaffey v. Ferguson, 156 Pa. 156, and to add that none of the Pennsylvania cases cited by appellant's counsel teaches a different doctrine. The plaintiff certainly has no just cause to complain of the submission of the question of warranty to the jury; nor after a perusal of the charge, can we say that he has any reason to complain of the manner in which it was submitted. With regard to the case of Brinser v. Longenecker, 169 Pa. 51, relied upon by appellant's counsel, we remark that the verdict was in favor of the defendant, and that upon the question of warranty the case is only authority for the proposition that the plaintiff there had no reason to complain of the instructions to the jury.

As to the fourth, fifth and sixth assignments of error we remark that this was not an action to recover back the purchase money paid upon a sale made in violation of the act of assembly

but an action to recover damages for the breach of a warranty, and, as the learned judge properly held, was governed by the principles of law relating thereto. The rule, caveat emptor, applied in the absence of fraud or warranty. Fraud was not alleged, and the jury after a fair submission of the question to them have found that there was no warranty. Therefore it is unnecessary to pass upon or discuss the question as to the proper measure of damages if there had been a warranty.

All the assignments of error are overruled and the judgment is affirmed.