## McAllister, Appellant, *v.* Morgan.

*Sale—Contract—Warranty.*

To constitute a warranty requires no particular form of words, the naked averment of a fact is neither a warranty itself, nor evidence of it. In connection with other circumstances, it certainly may be taken into consideration; but the jury must be satisfied from the whole that the vendor actually, and not constructively, consented to be bound for the truth of his representation.

*Sale—Contract—Warranty—Principal and agent—Evidence—Question for jury.*

In an action to recover the price paid for a horse which had failed to fulfill

a warranty, the plaintiff offered evidence which tended to show that he had bought the horse at a sales stable belonging to defendants, that the price was fixed by a person in apparent authority, and its payment was made directly to the defendant firm, who gave their personal receipt on their prepared blank form for the price paid. While they were yet in the midst of the deal, the man in apparent authority to receive and receipt for the purchase price, stated, "the horse has got to be as represented, or you can return him." The horse proved to be unsound and plaintiff subsequently complained to one of the defendants that the horse was unsound, and the latter said "come out and he will give you another horse." Defendants offered testimony tending to show that the person who sold the horse did not represent them; that the transaction was with him as an individual; that the acceptance of the check and giving the receipt were merely formal in their way of doing business; and that the defendant firm did not receive any share of the price paid, or any commission or profit from the sale. *Held,* that the case was for the jury.

Argued Oct. 18, 1905. Appeal, No. 185, Oct T., 1905, by plaintiff, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1903, No. 3724, on verdict for defendants in case of Richard McAllister v. David C. Morgan and Michael M. Sullivan, co-partners, trading as Morgan & Sullivan. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit to recover back the purchase price of a horse. Before DAVIS, J.

The facts are stated in the opinion of the Superior Court.

The court gave binding instructions for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*Charles Knittel,* for appellant.

*Alex. Simpson, Jr.,* for appellees.

OPINION BY ORLADY, J., November 20, 1905:

The plaintiff selected a horse at the defendants' sales stables through bargaining with one Burrows. The plaintiff's testimony was as follows : " I looked at the horse and asked him what he wanted for it, and he said $200. I said, 'Is he

sound?' He said 'Yes, he is sound.' I said I wanted a horse for a family horse, and I want him free of being afraid of engines or anything, perfectly fearless of every object, and he said he was. I said 'I will give you $185 for the horse,' and he said, 'All right you can have it.' Then he walked into the office of Morgan & Sullivan. I didn't have a check with me and asked a clerk to give me a blank check, which he did, I said, 'Who shall I make the check to?' and he said 'Morgan & Sullivan,' I made out the check and he gave me a receipt. I turned to the man who gave me the receipt, and said, 'If the horse is not as represented you will take him back?' He said, 'Yes; he has got to be as represented or you can return the horse.'" After a trial, the horse was found to be wind broken and heavy so as to be unfit for use, which condition appears to be conceded. When Burrows was informed that the horse was not as represented, he stated, "We will give you another horse" and, when Mr. Sullivan of the defendant firm was informed that the plaintiff had been there several times and wanted another horse or his money, he stated to the plaintiff, "You come out, and he will give you another horse." The check given, was to the order of Morgan & Sullivan, who indorsed it and received credit therefor in their bank. The receipt given was signed, "Morgan & Sullivan" by their duly authorized clerk. After three efforts to secure a horse the plaintiff withdrew from further efforts in that direction and demanded his money, for which he brought this suit. The defense was that Burrows did not in any manner represent the defendants; that the transaction was with him as an individual; that the acceptance of the check and giving the receipt were merely formal in their way of doing business; that the defendant firm did not receive any share of the price paid or any commission or profit from the sale. The court below directed a verdict for the defendant, for the reason that there was no evidence to show that Burrows had any authority or right to warrant the horse, if the horse had been the property of the defendants. Was the proof sufficient to have the question of warranty and ownership of the horse submitted to the jury?

In McFarland v. Newman, 9 Watts, 55, the rule is laid down by Judge GIBSON, which has not been departed from, as follows: "To constitute a warranty requires no particular form of

words, the naked averment of a fact is neither a warranty itself, nor evidence of it. In connection with other circumstances, it certainly may be taken into consideration; but the jury must be satisfied from the whole that the vendor actually, and not constructively, consented to be bound for the truth of his representation. Should he have used expressions fairly importing a willingness to be thus bound, it would furnish a reason to infer that he had intentionally induced the vendee to treat on that basis; but, a naked affirmation is not to be dealt with as a warranty, merely because the vendee had gratuitously relied on it; for not to have exacted a direct engagement, had he desired to buy on the vendor's judgment, must be accounted an instance of folly."

On review of the whole evidence, the business methods of the defendant were, to put it in the mildest form, so very exceptional, that, without explanation, a reasonable inference to be deduced from the whole transaction, would be, that they were the owners of the horse, and that they stood ready to redeem the pledge and representation inducing the sale which had been made by Burrows, to wit: that the horse was sound and safe. On the one side, we have the facts that the horse was in their sales stable, the price was fixed by Burrows, its payment was made directly to the firm who gave their personal receipt on their prepared blank form for the price paid. While they were yet in the midst of the deal, the man who was placed by them in authority to receive and receipt for the purchase price stated, " the horse has got to be as represented or you can return him ; " Sullivan's statement, " come out and he will give you another horse " the proffer of a second and a third horse in substitution of the condemned one, all of which reasonably indicated a community of interest and concert of purpose in effecting the sale. On the other hand, the defendants offered a full explanation of the whole affair which they claimed relieved them of all liability. The evidence was conflicting in the inferences to be drawn from it, and whether the defendants' theory should be accepted as satisfactory would depend upon the credence to be given to it. The intended meaning and effect of the words used and the conduct of the parties was for a jury to determine and not for the court as a matter of law: Jackson v. Wetherill, 7 S. & R. 480; McFarland v. Newman, 9 Watts, 55; Maynes v. At-

water, 88 Pa. 496 ; Holmes v. Oil Co., 138 Pa. 546 ; Holmes v. Tyson, 147 Pa. 305 ; Speers v. Knarr, 4 Pa. Superior Ct. 80 ; Herman v. Brinker, 17 Pa. Superior Ct. 177. The action was founded upon a warranty and its existence depended upon the interpretation of conflicting oral testimony, so that the question should have been submitted to the jury under proper instructions.

The assignment of error is sustained, the judgment is reversed and a venire facias de novo awarded.