## Gardner v. Bitner, Appellant.

*Appeals—Assignments of error—Refusal to answer points—Nonsuit.*

1. Assignments of error complaining that the court below neither affirmed nor denied a number of points submitted, cannot be considered where there is nothing on the record to show that any points were submitted at the trial.

2. The refusal to enter a compulsory nonsuit is not assignable for error.

3. An assignment of error will not be considered which embraces

more than one point, refers to more than one bill of exceptions, or raises more than one distinct question.

*Sale—Misrepresentations—Warranty—Horse—Question for jury.*

4. In an action of trespass in the nature of deceit to recover damages from the vendor of a horse, the case is for the jury where the plaintiff's testimony, although contradicted, tends to show that the defendant had guaranteed the horse to be all right in every particular, but as a matter of fact the horse was dangerous and kicked and was known as a kicker before the defendant became her owner, and that the defendant knew of this bad habit of the horse.

Argued March 9, 1914. Appeal, No. 240, Oct. T., 1913, by defendant, from judgment of C. P. Centre Co., Sept. T., 1912, No. 107, on verdict for plaintiff in case of W. H. Gardner v. J. A. Bitner. Before RICE, P. J., HENDERSON, ORLADY, HEAD, PORTER, KEPHART and TREXLER, JJ. Affirmed.

Trespass for deceit. Before ORVIS, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $125. Defendant appealed.

*Errors assigned* were (1–6) in not affirming certain points alleged to have been submitted at the trial; (8) in refusing a nonsuit and defendant's motion for judgment n. o. v.

*J. J. Kintner*, for appellant.

*N. B. Spangler*, for appellee.

OPINION BY TREXLER, J., April 27, 1914:

All the assignments of error in this case might be disregarded, except the one that is directed to the point reserved by the court. The defendant complains that the court neither affirmed nor denied a number of points submitted. The record discloses that none were pre-

sented and therefore we have nothing before us in this regard. We have no evidence that the points were submitted and disregarded by the court. If such were presented at the trial, then it would be the duty of the attorney to call the court's attention to its inadvertence in not answering them. In justice to the learned judge who tried the case, although not properly a part of the record, we might state that the counsel for the appellee asserts that neither the judge, the prothonotary nor the official stenographer knew anything of any points being submitted.

At the close of plaintiff's case, defendant moved for the entry of a nonsuit, and again after the testimony was in, made a similar motion. The court refused both. This is assigned for error. The refusal to enter a compulsory nonsuit is not assignable for error. This has been frequently decided. We need but refer to Pierce v. Barney, 209 Pa. 132; Spencer v. Conrad, 44 Pa. Superior Ct. 489.

In addition to the reason above given, an examination also shows that the assignments are contrary to Rule 14 of this court which provides, "Each error relied on must be specified particularly and by itself. If any specification embrace more than one point, or refer to more than one bill of exceptions, or raise more than one distinct question, it shall be considered a waiver of all the errors so alleged."

There remains but one question for us to consider. Whether the court was right in entering judgment for the plaintiff, the verdict having been taken subject to the reserved question of law, whether there was any evidence to support it. The suit was one in the form of trespass in the nature of an action of deceit, brought to recover damages due by reason of alleged misrepresentations in negotiating the sale of two horses. We have read the testimony carefully and find that there was enough to sustain a verdict for the plaintiff.

In considering the case we need only regard the tes-

timony that was favorable to the plaintiff and following this course we find that the defendant guaranteed the mare to be all right in every particular, with the sole reservation that the team was high-spirited. She "was to be a good mare" and that later the vendor admitted that he knew the mare was a kicker. It subsequently developed that the mare was not fitted for farm work and was dangerous and kicked and that she was known as a kicker before the vendor became her owner. There is also testimony that Bitner, the vendor, admitted that he knew of this bad habit. This testimony was all contradicted, but as we have said before, we are not concerned about that in the present aspect of the case.

The evidence was conflicting in the inferences to be drawn from it, and whether the defendant's theory should be accepted as satisfactory would depend upon the credence to be given to it. The intended meaning and effect of the words used and the conduct of the parties was for the jury to determine, and not for the court as a matter of law: McAllister v. Morgan, 29 Pa. Superior Ct. 476.

We think the learned court was clearly right in leaving the matter to a jury.

Judgment affirmed.