## Colt Company, Appellant, *v.* Evans.

*Contracts—Sales—Written contracts—Contemporaneous agreement—Affidavit of defense.*

Where a contract for a gas generator provides that all the terms of the agreement are merged in the written instrument, and that no agent of the company has made any statement or verbal agreement modifying or adding to the terms thereof, and stipulating that it cannot be altered or modified except in writing, the vendee in an action for the purchase price cannot set up a parol contemporaneous agreement, varying the terms of the written instrument.

In such case an affidavit of defense is insufficient which avers matters outside the agreement.

Submitted March 2, 1920.  Appeal, No. 14, March T., 1920, by plaintiff, from order of C. P. Lackawanna County, Oct. T., 1917, No. 1536, discharging rule for judgment for want of a sufficient affidavit of defense in the case of J. B. Colt Company v. George F. Evans.  Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.  Reversed.

Assumpsit for goods sold and delivered.  Before ED-WARDS, P. J.

74     COLT COMPANY, Appellant, v. EVANS.

Assignment of Error—Opinion of the Court. [74 Pa. Superior Ct.

Rule for judgment for want of a sufficient affidavit of defense. The court discharged the rule. Plaintiff appealed.

*Error assigned* was the order of the court.

*Houck & Benjamin,* for appellant, cited: Tranter Manufacturing Company v. Blaney, 61 Pa. Superior Ct. 379; Hallowell & Co. v. Lierz, 171 Pa. 577; Scientific American Compiling Department v. Creighton, 32 Pa. Superior Ct. 140; Piano Company v. Landau, 67 Pa. Superior Ct. 415; Ridgeway Dynamo & Engine Co. v. Pennsylvania Cement Co., 221 Pa. 160; Phila. & Gulf Steamship Co. v. Pechin, 61 Pa. Superior Ct. 401; Outcault Advertising Company v. Ritchey, 63 Pa. Superior Ct. 597; Oxweld Acetylene Company v. Hastings, 71 Pa. Superior Ct. 178.

*H. W. Mumford,* for appellee.

OPINION BY LINN, J., April 24, 1920:

Plaintiff sued for the purchase price of a generator and certain fixtures bought by defendant by an order addressed to plaintiff, signed by defendant and accepted by plaintiff. The order, dated January 18, 1917, directs plaintiff to "furnish the following generator and appliances f. o. b. factory at Newark, New Jersey, to the undersigned, hereinafter referred to as the purchaser . . . . . ." At the foot of the order appears the acceptance of plaintiff dated January 22, 1917. Among other provisions is the following: "This order shall become a contract between the purchaser and the company upon acceptance thereof in the space below by one of the officers of said company; it being understood that this instrument, upon such acceptance, covers all the agreements between the purchaser and the company, and that no agent or representative of the company has made any statements or verbal agreements modifying or adding

to the terms and conditions herein set forth.  It is further understood that upon the acceptance of this order, the contract so made cannot be altered or modified by any agent of the company, or in any manner except by agreement in writing between the purchaser and the company acting by one of its officers."

In his affidavit of defense, defendant admits the receipt of the goods but avers that he shipped them back to plaintiff because ".......the generator......was not of such character as the same was represented to me by the sales agent of the plaintiff company......," setting forth at length the particulars of his objection, which, briefly stated, amount to breach of various express warranties.  He avers that the making of these warranties by the "sales agent" was the "inducing cause which led me to sign the alleged contract."  The warranties are not contained in the written contract; to prove them will require evidence outside the paper.  It is not alleged that anything was omitted by fraud, accident or mistake.  The learned court below discharged a rule for judgment for want of a sufficient affidavit of defense, whereupon plaintiff appealed.

In substance the question is whether the parties to a sale by writing may agree therein that neither has been induced to sign save by what is written.  To permit the defendant to contradict his written representation already quoted, will enable him to make a fraudulent use of the paper; after obtaining appellant's acceptance by representing that the paper included the entire agreement and that anything not stated in it was excluded, defendant ought not be heard to aver that certain warranties were part of the contract, though not stated therein.  The cases cited by the learned court below in refusing judgment: Chalfant v. Williams, 35 Pa. 212; Greenawalt v. Kohne, 85 Pa. 369; Keough v. Leslie, 92 Pa. 424, were cases where no provision like that before us was contained in the contract.  This case is ruled by Dynamo and Engine Company v. Cement Co., 221 Pa. 160, where

the agreement contained a stipulation that "all previous communications between said parties, either verbal or written, contrary to the provisions hereof are hereby withdrawn and annulled; and that no modification of this agreement shall be binding upon the parties hereto, or either of them, unless such modification shall be in writing." Of that provision, the court said, "Under this stipulation inserted evidently for the very purpose of preventing the introduction of any such claim as that presented by the defendant, there was no room for the admission of evidence as to any other terms than those expressed in the written contract." To the same effect are S. Morgan Smith v. Monroe Water Co., 221 Pa. 165; Tranter Mfg. Co. v. Blaney, 61 Pa. Superior Ct. 379; Oxweld Acetylene Co. v. Hastings, 71 Pa. Superior Ct. 178.

The record is remitted to the court below, with direction to enter judgment against the defendant for such sum as to right and justice may belong, unless other legal or equitable cause be shown to the court below why judgment should not be so entered.