# Eberbach et al. *v.* Clyde Steamship Co., Appellant.

*Common carriers—Delivery—Unauthorized delivery—Case for jury.*

In an action to recover the value of certain shipments, lost while in the custody of the carrier, a verdict for the plaintiff will be sustained, where the evidence established the fact that delivery of the shipment was made to an unauthorized person who afterwards stole the property.

*Practice, C. P.—Affidavits of defense—Averments of ignorance —Admissions.*

An averment of ignorance and demand for proof is not a denial within the meaning of the Practice Act of 1915. Where the statements of plaintiff are not denied, they must be taken to be admitted, and the mere averment of ignorance is not sufficient to traverse the statements of the plaintiff.

Argued March 11, 1919. Appeal, No. 275, Oct. T., 1919, by defendant, from judgment of C. P. No. 4, Phila. County, Sept. T., 1916, No. 3790, on verdict for plaintiff in the case of John S. Eberbach, Nelson F. Eberbach and Joseph H. Eberbach, trading as A. B. Cunningham & Company, v. Clyde Steamship Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit to recover the value of shipments of tobacco. Before FINLETTER, J.

From the record it appeared that four shipments of tobacco were consigned to the plaintiffs in Philadelphia from points in North Carolina, Kentucky and Virginia. The defendant company was the initial carrier as to one of the shipments and the terminal carrier as to the other three. The shipments arrived in Philadelphia on or about September 26, 1916, were delivered by the defendant to the driver of a truck, who subsequently stole the property in question. The plaintiffs denied the authority of the driver of the truck to receive the goods in

their behalf, and made demand of the defendant for the value of the packages which were stolen.

Verdict for plaintiff for $1,035 and judgment thereon. Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment non obstante veredicto.

*Thomas J. Norris,* and with him *J. Howard Rhoads,* for appellant.—The burden of proof was on the plaintiff to show the value of the goods: Isdaner v. Phila. & Reading Railway, 54 Pa. Superior Ct. 509; Hutchinson on Carriers, 3d ed., Vol. 3, Sec. 1346, page 1590; Railroad Co. v. Kirkwood, 45 Mich. 51; Castelucci v. Lehigh Valley R. R., 40 Pa. Superior Ct. 24; Speare v. Phila. & Reading Ry., 47 Pa. Superior Ct. 639.

*Joseph H. Taulane,* for appellee.—It was the duty of the appellant to ascertain the market value of the shipment: Beck v. Kauffman, 26 District Reports 1; Penna. R. R. v. Driefus, 25 District Reports 268; Carnell v. Gorson, 25 Dist. Reports 189; Phila. & Reading Ry. Co. v. Parry, 66 Pa. Superior Ct. 49; Swift v. Hafleigh, 66 Pa. Superior Ct. 504; Bowen v. Fuhrman & Schmidt, 28 Dist. Reports 717; Loughney v. Huntsman, 252 Pa. 131.

The mere averment of ignorance and demand of proof in the affidavit of defense did not traverse the averments in the plaintiff's statement: Freidburg v. Seeherman, 27 Dist. Reports 972; Herron v. Florence Church, 27 Dist. Reports 1025; American Building Association v. Dunlap, 20 Lancaster L. R. 50.

OPINION BY LINN, J., April 24, 1920:

Plaintiffs have judgment for the value of four lots of tobacco consigned to them brought here by defendant, and delivered to an unauthorized drayman who stole the property. Defendant appeals and assigned two errors:

(1) the refusal of the court to enter judgment n. o. v.;
(2) the refusal to grant a new trial. The only exception
taken to the charge was to the refusal of binding instruc-
tions for defendant.

(1) Witnesses for defendant testified that the tobacco
arrived and was delivered to a drayman; and the verdict
determines that the delivery was to an unauthorized
person. That breach of contract being found, a conse-
quent liability to plaintiffs in some amount arises, and
accordingly judgment non obstante can not be entered.
Appellant also contends that since the tobacco was
shipped on bills of lading describing the shipments as
"the property described below in apparent good order
except as noted (contents and condition of contents of
packages unknown)," plaintiffs must prove that the to-
bacco described as shipped was actually delivered to the
initial carrier. Plaintiffs concede that. Defendant con-
tended during the trial that the depositions read in evi-
dence by plaintiffs to show that the packages contained
the tobacco when delivered to the first carrier, did not
show that fact, and plaintiffs met that contention by
putting in the affidavit of defense, in which defendant
neither had denied specifically nor by necessary impli-
cation that the tobacco had been delivered to the first
carrier as averred in the statement of claim. The affi-
davit of defense stated that defendant "admits that on
or about the 12th day of September, 1916, it received
......twenty cases marked 'Smoking Tobacco' for
......delivery to plaintiffs......but that it has no
knowledge of the contents nor of the value of the con-
tents of said cases or any of them and demands proof
thereof at the trial." Sections 6 and 8 of the Prac-
tice Act of 1915 (P. L. 484) provide that, (with cer-
tain inapplicable exceptions) every allegation of fact
in plaintiff's statement of claim "shall be taken to
be admitted," if "not denied specifically or by necessary
implication in the affidavit of defense," and that it shall
not be sufficient merely "to deny generally the allega-

tions of the statement of claim." As Judge FINLETTER said in refusing judgment below: "It is obvious that an averment of ignorance and a demand for proof are not a 'specific denial' nor the 'implication' of denial. Indeed they are not even a 'general denial' so that if the act means anything the plaintiff's detailed statement of the contents of the packages must be 'taken to be admitted.'"

(2) As no abuse of discretion appears and no argument was made in support of the second assignment, it is dismissed.

The judgment is affirmed.