## Gardner *v.* Madonna, Appellant.

*Affidavit of defense—Sufficiency—Authority of agent—Naming agent.*

In an action of assumpsit for building materials sold and delivered, an affidavit of defense is insufficient, which sets up a novation entered into by the "duly authorized agent" of the plaintiff, without naming the agent or suggesting his official position.

The authority of the agent to make the contract was necessarily involved and the name of the agent and his official position should have been definitely stated in the affidavit of defense.

Argued November 12, 1925. Appeal No. 251, October T., 1925, by defendant, from judgment of M. C. Philadelphia Co., May T., 1925, No. 1078, making absolute a rule for judgment for want of a sufficient affidavit of defense, in the case of Wilson and Gardner v.

T. E. Madonna. Before Porter, Henderson, Trexler, Keller, Linn and Gawthrop, JJ. Affirmed.

Assumpsit for materials sold and delivered. Before Bonniwell, J.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The rule was made absolute. Defendant appealed.

*Error assigned* was the order of the court.

I. *Finkelstein,* for appellant.

W. K. *Strong,* of *Smith and Strong,* for appellee.

Opinion by Porter, J., February 26, 1926:

The appellant assigns for error the action of the court below in making absolute a rule for judgment for want of a sufficient affidavit of defense. The action is for building materials sold and delivered. The affidavit of defense did not sufficiently deny the sale and delivery of the material and raised no question as to the prices to be paid for the same. The defense relied upon was an alleged novation, which is thus stated in the supplemental affidavit of defense: "The said plaintiff was indebted to the said E. Allen Reeves and it was orally agreed in and during the month of November 1924, by and between the plaintiff herein, acting through its duly authorized agent in the premises, the said E. Allen Reeves and the defendant herein that in consideration of the plaintiff herein discharging the defendant from all indebtedness for materials which the plaintiff would furnish to the defendant, the said E. Allen Reeves would deduct from the indebtedness due the said E. Allen Reeves by the plaintiff herein the amount of material furnished the defend-

ant herein, all of the said material being used in and about the said Reeves' construction work, and in the event that the amount of the said material furnished the defendant herein would exceed the said indebtedness, the said Reeves would make the same good to the plaintiff herein.''

The plaintiff is a corporation. The above quoted paragraph of the affidavit avers that the contract, which this defendant alleges released him from the obligation to pay for the materials furnished, was made by the ''duly authorized agent'' of the plaintiff, but nowhere in the affidavit is the name of the agent given, nor is there anything which suggests what official position that agent held in the organization of the plaintiff corporation. The authority of the agent to make the contract was necessarily involved, and the name of the agent and his official position should have been in the affidavit definitely stated. Without the disclosure of the name of the person who acted for the corporation, the plaintiff could not prepare to meet the assertion of the affidavit of defense that the agent had authority to act in its behalf. This alone was sufficient reason for holding the affidavit of defense to be insufficient; Wayne T. & P. Co. v. Petroleum P. Co., 83 Pa. Superior Ct. 158. The affidavit was further defective in that it alleged the contract, under the terms of which Reeves was alleged to have undertaken to pay the plaintiff for the materials which it would furnish to the defendant, was made in the month of November, 1924, and clearly indicated that it was to be prospective in its operation, to cover only materials thereafter furnished; while the goods for the recovery of the value of which this action is brought had, so far as the affidavit of defense indicates, all been furnished before the date of that contract. The assignment of error is dismissed.

The judgment is affirmed.