# Eagle Package Co., Inc., Appellant, *v.* Herman Kincus.

*Assumpsit for goods sold and delivered—Principal and agent—Affidavit of defense—Insufficiency.*

In an action of assumpsit to recover for goods sold and delivered, the statement of claim averred that the defendant had given a written order to the plaintiff for nine thousand sanitary food containers at a specified price. To the statement was attached a copy of the written order, which contained the stipulation that: "no agreements or representations verbally or otherwise will be recognized unless specified in this order."

The defendant filed an affidavit of defense which did not deny that he had ordered the goods, nor that they had been delivered to him, but averred that he had not agreed to pay the price specified in the written order. By supplemental affidavit, the defendant averred that the order: "was fraudulently made by the duly authorized agent of the plaintiff" but failed to state the name of the agent and wherein the fraud consisted.

Under such circumstances, the affidavit of defense was evasive and insufficient to prevent judgment.

When a fact is averred in a statement of claim, and not specifically denied in the affidavit of defense, that fact must be taken as admitted; an averment of ignorance is not sufficient.

Argued October 13, 1926. Appeal No. 274, October T., 1926, by plaintiff, from order of M. C. Philadelphia County, April T., 1926, No. 1124, in the case of Eagle Package Company, Inc., v. Herman Kincus. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Reversed.

Assumpsit to recover for goods sold and delivered.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for want of sufficient affidavit of defense. The Court discharged the rule. Plaintiff appealed.

*Error assigned,* was the order of the court,

*A. S. Longbottom,* of *Byron, Longbottom, Pape and O'Brien,* for appellant.

No appearance and no printed brief for appellee.

Opinion by Porter, P. J., December 10, 1926:

This is an action of assumpsit to recover for goods sold and delivered. The statement of claim averred that the defendant had given a written order to the plaintiff for nine thousand sanitary food containers at a specified price, and there was attached thereto a copy of said written order which contained the following covenant, viz: "No agreements or representations verbally or otherwise will be recognized unless specified in this order." The defendant filed an affidavit of defense which did not deny that he had ordered the goods nor that they had been delivered to him, but averred that he had not agreed to pay the price specified in the written order. The court below discharged a rule for judgment for want of a sufficient affidavit of defense, which action the plaintiff assigns for error.

When a fact is averred in the statement of claim and not specifically denied in the affidavit of defense that fact must be taken as admitted: Buehler v. U. S. Fashion Plate Co., 269 Pa. 428; Irwin v. Weikel, 282 Pa. 263. An averment of ignorance is not sufficient: Eberbach v. Clyde Steamship Co., 74 Pa. Superior Ct. 79. The affidavit of defense did not aver that the defendant had not signed the written order, a copy of which was set forth in the statement of claim. Upon this point the original affidavit of defense merely stated that: "The defendant denies Exhibit 'A' and demands proof of the same by the proof of an original paper if the plaintiff claims such." This averment of the original affidavit of defense did not state whether the defendant denied the execution of the order or merely demanded proof of its terms. The averment of the supplemental affidavit was that the order was

"fraudulently made by the duly authorized agent of the plaintiff." This averment was insufficient in that it failed to state wherein the fraud consisted and, further, that it did not name the authorized agent of the plaintiff corporation who was averred to have perpetrated the fraud: Gardner v. Madonna, 87 Pa. Superior Ct. 408. The affidavit of defense was really nothing more than an averment that the price which the defendant had agreed to pay for the goods was not that specified in the written order, but that the defendant and some "duly authorized agent" of the plaintiff corporation (the name of the agent and his official position in the corporation not being stated) had entered into a verbal agreement that the defendant was to pay a different price for the goods. The written order having contained the stipulation that, "No agreements or representations verbally or otherwise will be recognized unless specified in this order," the averment of the affidavit of defense that the agent of the plaintiff had orally agreed that a different price should be paid, was insufficient to prevent judgment: Colt Co. v. Evans, 74 Pa. Superior Ct. 73; Gross v. Exeter Machine Co., 277 Pa. 363. The affidavit of defense was clearly evasive and insufficient to prevent judgment.

The order is reversed, and the record is remitted to the court below with direction to enter judgment against the defendant for such sum as to right and justice may belong, unless other legal or equitable reason be shown to the court below why such judgment should not be so entered.