Michelin Tire Co., Appellant, v. Schulz.

Argued December 5, 1928.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*A. S. Longbottom*, of *Byron, Longbottom, Pape & O'Brien*, for appellant.—The law of Pennsylvania requires that a warrantor shall intend to promise; it is not enough that he intends to affirm: McFarland v. Newman, 9 Watts 55; Jackson v. Wetherill, 7 S. & R. 480; Wetherill v. Neilson, 20 Pa. 448; Holmes v. Tyson, 147 Pa. 305; Krauskopf v. Yarn Co., 26 Pa. Superior Ct. 506.

An affidavit of defense, alleging that plaintiff's representative made certain oral warranties, without naming the agent, is insufficient: Eagle P. Co. v. Kincus, 89 Pa. Superior Ct. 400; Gardner v. Madonna, 87 Pa. Superior Ct. 408; McFarland v. Newman, 9 Watts 55.

Appellee's damage, if any, after a warranty had been properly pleaded, would be the difference between the market value of the tires actually delivered and their market value if they had been in keeping with the warranty, assuming one to have been made, and that it had been properly pleaded: Gross v. Machine Works, 277 Pa. 363.

In the absence of special circumstances showing proximate damages of a greater amount, the loss is the difference between the value of the goods at the time of the delivery to the buyer and the value they would have if they had answered to the warranty: Hoffman v. Hockfield Bros., 75 Pa. Superior Ct. 595.

Defendant, having failed to make complaint at the time the merchandise was delivered to him or within a reasonable time thereafter, or, in fact, at any time up until the bringing of suit, is now estopped from alleging defects; he is presumed to have waived his right to complain.

*H. Eugene Gardner*, for appellee, cited: Griffin v. Products Co., 264 Pa. 254; Wright v. Carbonic Co., 271 Pa. 332; Hoffman v. Hockfield Bros., 75 Pa. Superior

Ct. 595; Rex Auto Ex. v. Hoffman, 84 Pa. Superior Ct. 369; Farr v. Zeno, 81 Pa. Superior Ct. 509; Peerless Electric Co. v. Call, 82 Pa. Superior Ct. 550; York Mfg. Co. v. Mfg. Co., 278 Pa. 351; Samuel v. Steel Co., 264 Pa. 190.

OPINION BY MR. JUSTICE WALLING, January 7, 1929:

The Michelin Tire Company, a corporation located in New Jersey, is engaged in the manufacture and sale of automobile tires, while defendant, Otto E. Schulz, is a dealer in such tires at Philadelphia. Defendant bought quantities of tires from plaintiff, under sundry written agreements, during the years 1926 and 1927, and this suit is for a balance of $3,894.97 due thereon. Defendant admits the purchase, receipt and retention of the tires, but interposes a counterclaim of $5,873.80, on account of their alleged lack of durability. To this plaintiff filed a reply in the nature of an affidavit of defense setting up law questions only, also a motion for judgment for want of a sufficient affidavit of defense. The trial court refused the latter and overruled the former with leave to plaintiff to file an affidavit of defense to the counterclaim. Thereupon, the plaintiff brought these appeals.

In our opinion the counterclaim is fatally defective and plaintiff's rule for judgment should have been granted. No specific defect in the tires is averred, and the agreements by which they were purchased contain no warranty of quality. True, plaintiff's circulars stated that its tires had, under tests given, and would average thirty-six per cent more mileage than other good tires, and it is averred in the counterclaim that plaintiff's agent made like statements, and, further, that the tires in question when used gave less and not more mileage than other good tires. There is no averment that the statement as to past performance was untrue; of course, as to what the tires would do was a matter of opinion. A mere statement as to quality, although extravagant or

in the nature of puffing, is not a warranty. Neither is the naked averment of a fact: Kauskopf v. Yarn Finishing Co., 26 Pa. Superior Ct. 506; McAllister v. Morgan, 29 Pa. Superior Ct. 476. It was stated by Chief Justice GIBSON, in McFarland v. Newman, 9 Watts 55, 61, that, "Though to constitute a warranty requires no particular form of words, the naked averment of a fact is neither a warranty itself, nor evidence of it." To like import see Jackson v. Wetherill, 7 S. & R. 480, 481; Holmes v. Tyson, 147 Pa. 305. Mere representations are not warranties: Wetherill v. Nielson, 20 Pa. 448. There is an implied warranty that the goods are fit for the purpose for which they are bought (Griffin et al. v. Metal Products Co., 264 Pa. 254, 259; Wright v. General Carbonic Co., 271 Pa. 332), but of that there is no denial here. The statements not amounting to a warranty and there being no suggestion of fraud, or offer to return the goods, the counterclaim fails.

So far as appears, the tires in question were all used by defendant's customers and paid for, so he lost nothing thereon. What he claims is that because the tires were less durable than recommended he lost customers, which otherwise he would have retained and whose business would have netted him a profit of the amount he sets up as a counterclaim. This is entirely too speculative and not the proper measure of damages. Had there been a warranty of quality, which, as we have seen, there was not, the true measure of damages, for breach thereof, would in general be the difference between the value of the goods as warranted and of those delivered (clause 7, section 69 of the Sales Act of May 19, 1915, P. L. 543, 563; and see York Mfg. Co. v. Chelten Ice Mfg. Co., 278 Pa. 351; Hoffman v. Hockfield Bros., 75 Pa. Superior Ct. 595), of which there is no averment.

Furthermore, the counterclaim is so indefinitely stated as to be fatally defective. It fails to state the name of plaintiff's agent who is alleged to have made the statements as to the durability of the tires, or the name

of a single customer whose business defendant claims he lost or the amount of his, the customer's, business or the profits thereof which would have resulted. Mere columns of figures showing imaginary losses are insufficient. Nothing appears by which plaintiff could check up the matter, or ascertain the mileage of the tires in question. Therefore, the counterclaim affords no basis on which judgment could be liquidated. Such vague averments would be wholly insufficient in a statement of claim and they are equally so in a counterclaim, which requires like certainty: Gardner v. Madonna, 87 Pa. Superior Ct. 408. "A defendant's set-off must be pleaded with as much certainty as a plaintiff's statement of claim": Gross v. Exeter Machine Works, 277 Pa. 363; O'Neill v. Burnett, 263 Pa. 216, 221; Law v. Waldron, 230 Pa. 458; Appleby v. Barrett, 28 Pa. Superior Ct. 349; Loeser v. Erie City Rag Warehouse, 10 Pa. Superior Ct. 540. An affidavit of defense must state the facts (Andrews v. Packing Co., 206 Pa. 370) and so must a counterclaim.

Defendant admits he learned as early as July, 1927, and thence on to the following November, that the tires were not giving the suggested mileage. Of this, however, he gave plaintiff no notice and as late as January 16, 1928, expressly promised to pay the claim; even as late as February 6th, he claimed a set-off of only $53.60, which was allowed. In view of this, the counterclaim defendant now interposes, as to matters about which he had full knowledge when he promised to pay plaintiff's claim, stands discredited.

The orders, striking off plaintiff's affidavit raising questions of law in answer to the defendant's counterclaim and discharging the rule for judgment for want of a sufficient affidavit of defense, are reversed and the record is ordered remitted to the trial court with direction to enter judgment for plaintiff, for the amount of its claim, unless some other legal or equitable reasons be shown to the contrary.